REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature State Capitol, Room 807 Lincoln, Nebraska 68509
Dear Senator Cullan:
You have requested the opinion of this office regarding whether the provisions of LB 525 violate the Fifth Amendment of the United States Constitution. Said bill provides as follows:
 Whenever a witness refuses on the basis of his or her privilege against self-incrimination, to testify or to provide other information in a criminal proceeding before a court or grand jury, the court, on motion of the prosecutor, may order the witness to testify or to provide other information. The witness may not refuse to comply with such an order of the court on the basis of his or her privilege against self-incrimination, but no testimony or other information compelled under the court's order, or any information directly or indirectly derived from such testimony or other information, may be used against the witness in any criminal case, except in a prosecution for perjury, giving a false statement, or failing to comply with the order of the court.
It is well established that in order for a grant of immunity to be adequate, the scope of the immunity must be coextensive with the scope of the Fifth Amendment privilege against self-incrimination. Thus, legislation cannot replace this constitutional privilege unless it is broad enough to have the same scope and effect. Murphy v. WaterFront Commission of New York, 378 U.S. 52 (1964).
The provisions of LB 525 grant a witness who is compelled to testify immunity from the use in any criminal case of the compelled testimony or any evidence derived therefrom. These provisions are quite similar to the federal witness immunity statute, 18 U.S.C. § 6002, which was challenged in Kastigar v. United States, 406 U.S. 441 (1972), as abridging the Fifth Amendment privilege against compulsory self-incrimination. The court in Kastigar, supra, specifically rejected the argument that a grant of use and derivative use immunity was inadequate as the constitution mandated a grant of transactional immunity, that is immunity from criminal prosecution for or on account of any transaction or matter concerning which a witness testifies. Rather, the Supreme Court held that a statutory grant of immunity is constitutionally adequate where a witness, in return for being compelled to testify, is granted immunity from the use in any criminal case of the compelled testimony or any evidence derived therefrom. Thus, the court inKastigar, supra, upheld the constitutionality of 18 U.S.C. § 6002
upon concluding that the immunity granted by that statute is coextensive with the Fifth Amendment privilege and suffices to replace it.
As heretofore stated, the immunity granted under LB 525 is virtually identical to that permitted under 18 U.S.C. § 6002. In our opinion, based on the analysis of the court inKastigar, supra, a court would probably hold that LB 525 is constitutionally sound as the immunity granted thereunder is coextensive with the Fifth Amendment privilege against compulsory self-incrimination.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Lynne Fritz Assistant Attorney General